**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4207
_____

CHARLIE T. HEARD,
                                Appellant
v.

THE WAYNESBURG UNIVERSITY,
f/k/a The Waynesburg College
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:09-cv-01315)
Magistrate Judge: Hon. Robert C. Mitchell[*]
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 13, 2011

Before:  SMITH, CHAGARES and VANASKIE, *Circuit Judges*

(Filed: July 8, 2011)
_____

OPINION
_____

VANASKIE, *Circuit Judge*.

Charlie T. Heard's position as part-time head wrestling coach at The Waynesburg

University was terminated in his second season with the school after Heard struck a

_____

[*] Both parties consented to the exercise of jurisdiction by Magistrate Judge
Mitchell pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

student wrestler during practice. Heard subsequently initiated this suit against Waynesburg asserting race discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* The District Court granted Waynesburg's motion for summary judgment. We will affirm substantially for the reasons set forth in the District Court's opinion.[1]

The District Court concluded that although Heard had established a prima facie case of race discrimination,[2] Waynesburg had articulated a legitimate, nondiscriminatory reason for his termination: Heard's altercation with the student wrestler. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth the burden-shifting framework plaintiffs may use to prove discrimination claims in the absence of direct evidence). Thus, to avoid summary judgment, Heard was required to adduce evidence from which a reasonable fact-finder could conclude that Waynesburg's legitimate, non-discriminatory reason for the termination was only a pretext for discrimination. *See id.* at 804; *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). The District Court carefully

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment under a plenary standard of review. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

[2] To establish a prima facie case of employment discrimination, a plaintiff must show (1) he belongs to a protected class, (2) he was qualified for his position, (3) he was subjected to an adverse employment action, and (4) the adverse action occurred under circumstances that raise an inference of discrimination. *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

considered Heard's evidence and concluded that it failed to establish that Waynesburg's proffered reason was pretextual, and that Heard could, therefore, not avoid summary judgment on the claim. We have reviewed the briefs and the record and fully agree with the District Court's reasoning. Because there is little we can add to the District Court's thorough analysis of Heard's claim of pretext, we will affirm the grant of summary judgment to Waynesburg on Heard's discrimination claim substantially for the reasons set forth in the District Court's opinion.

We also agree with the District Court that Heard failed to present sufficient evidence to avoid summary judgment on his hostile work environment and retaliation claims. To prevail on a hostile work environment claim based on racial discrimination, a plaintiff must demonstrate, among other things, that he suffered intentional discrimination and that the discrimination was "pervasive and regular." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1081 (3d Cir. 1996). We agree with the District Court that the alleged discrimination could not qualify as "pervasive and regular," and that Waynesburg was accordingly entitled to summary judgment on the hostile work environment claim.

As for his retaliation claim, Heard was required to present evidence of a causal connection between his engagement in a protected activity under Title VII, § 1981, or the PHRA, and an adverse employment action. *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 (3d Cir. 2006); *Cardenas v. Massey*, 269 F.3d 251, 263 (3d Cir. 2001). Heard, however, failed to identify any protected activity in which he engaged. In the absence of such

3

evidence, the District Court properly granted summary judgment to Waynesburg on the retaliation claim.

Accordingly, we will affirm the grant of summary judgment in favor of Waynesburg substantially for the reasons set forth in the District Court's thorough and well-reasoned opinion.[3]

---

[3] In addition to challenging the District Court's grant of summary judgment, Heard submits that "[t]he Magistrate Judge severely and inappropriately limited Heard's discovery to 10 depositions and would not permit statistical African-American data related to wrestling and other sports." (Appellant's Br. at 30.) Heard, however, does not identify when in the course of proceedings the Magistrate Judge either limited his depositions or precluded the discovery of statistical data. Under these circumstances, we cannot say the purported limitation of discovery was an abuse of discretion.